976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco Javier LEPEZ, Defendant-Appellant.
 No. 91-30322.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 16, 1992.
Decided Sept. 24, 1992.
 
 Before BEEZER, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Francisco Javier Lepez appeals his conviction for distribution of cocaine, a schedule II controlled substance. 21 U.S.C. § 841(a)(1) (1988). We affirm.
 
 
 3
 * The Body Wire Tape
 
 
 4
 Lepez claims the district court committed prejudicial error by admitting into evidence a tape recording of a conversation between an undercover officer and the defendant because portions of the recording were so inaudible that it was untrustworthy.
 
 
 5
 Questions of the admissibility of evidence which involve factual determination, rather than questions of law, are reviewed for an abuse of discretion. United States v. Wood, 943 F.2d 1048, 1055 (9th Cir.1991). Whether a tape recording is inaudible is a factual determination and is reviewed for abuse of discretion. United States v. Lane, 514 F.2d 22, 27 (9th Cir.1975); Cape v. United States, 283 F.2d 430, 435 (9th Cir.1960). Evidentiary rulings will be reversed for abuse of discretion only if such nonconstitutional error more likely than not affected the verdict. United States v. Yin, 935 F.2d 990, 994 (9th Cir.1991).
 
 
 6
 A recorded conversation is generally admitted unless the unintelligible portions are so substantial that the recording as a whole is untrustworthy. Lane, 514 F.2d at 27. In Lane, the court found though some portions of the tape were inaudible, the tape could be admitted to corroborate the testimony of a participant in the recorded conversation. Id.
 
 
 7
 In the present case, the court listened to the tape prior to trial to determine if the tape was so inaudible as to render it untrustworthy. Our own review of the tape substantiates the district court determination that it contained probative information that would assist the jury. Here, as in Lane, the court admitted the tape to corroborate the testimony of the officer. The admission of the tape recording was not error.
 
 II
 Limiting Instruction
 
 8
 Citing Cape v. United States, 283 F.2d 430 (9th Cir.1960), Lepez claims the court erred when it refused to give a limiting jury instruction concerning the weight to be given the officer's testimony regarding the inaudible portions of the tape.
 
 
 9
 We review limiting instructions for abuse of discretion. United States v. Butcher, 926 F.2d 811, 816 (9th Cir.), cert. denied, 111 S.Ct. 2273 (1991). In Cape, the court gave two cautionary instructions regarding the tape recording. Cape, 283 F.2d at 434-35. In a later tape recording case, there is no indication that the court gave limiting instructions. United States v. Lane, 514 F.2d 22, 27 (9th Cir.1975). We do not read Cape to require a limiting instruction be given in every case involving a tape recording which is partially inaudible. Thus, the district court did not abuse its discretion in refusing to give a limiting instruction.
 
 III
 Denial of Motion For Severance
 
 10
 Lepez also claims the district court erred when it denied Lepez's motion for severance of his trial from a codefendant's trial. Lepez argues he was prejudiced because of both the impact of the tape on the jury and the lack of limiting instructions on its admissibility. Neither the admission of the tape recording nor the lack of a limiting instruction were an abuse of discretion. Thus, the district court did not abuse its discretion when it denied Lepez's motion for severance.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3